**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVEN W. QUICK, #1243617,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-1620-B** |
| | ) | |
| **ASSISTANT DISTRICT ATTORNEY,** | ) | |
| **Defendant.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in

implementation thereof, this cause has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a civil rights action brought by a state inmate pursuant to 42

U.S.C. § 1983.

Parties:  Plaintiff is presently confined at the Stiles Unit of the Texas Department of

Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Beaumont, Texas.

Defendant is an unidentified Assistant District Attorney from the Hunt County District

Attorney's Office in Greenville, Texas.  The court has not issued process in this case.  However,

on September 13, 2005, the magistrate judge issued a questionnaire to Plaintiff, who filed his

answers on October 5, 2005.

Statement of Case:  Plaintiff seeks to sue an Assistant District Attorney for allegedly

making prejudicial and slanderous statements during his trial – namely that he is a "child

molester." He seeks monetary damages.

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). <u>See also</u> 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).

The statements at issue were made by the Assistant District Attorney during Quick's criminal trial in his role as prosecutor. (<u>See</u> Answer to Question 2). It is well established that a prosecutor is absolutely immune from personal liability for damages for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. <u>See</u> <u>Kalina v. Fletcher</u>, 522 U.S. 118, 129 (1997); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31 (1976); <u>Esteves v. Brock</u>, 106 F.3d 674, 676 (5th Cir. 1997).[1]

---

[1]     It is also clear that the Supreme Court's decision in <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), precludes Quick's action since his underlying conviction has not been reversed, expunged, invalidated or called into question. However, in light of the absolute immunity given to a prosecutor, even were his conviction invalidated in some fashion, monetary damages against the Defendant would be foreclosed.

2

Plaintiff's complaint fails to allege any cognizable claim for relief against the named Defendant under § 1983.  Therefore, the complaint should be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 29th day of November, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.